JOSEPH C. MASON, Respondent, v. THE VALENTINE SOUVENIR COMPANY, Appellant.

Third Department, December 28, 1917.

Sale — action against vendor for breach of contract as to time of delivery — acceptance — failure to notify seller of breach within reasonable time.

In an action by a dealer in picture postal cards for an alleged breach of contract by the defendant it appeared that the plaintiff had given the defendant manufacturer an order for several thousand cards containing the imprint of plaintiff's name and address: that the cards were to be shipped about June first and to be paid for within thirty days as of July first;

that they were shipped in six installments on June eighteenth and twentieth, July second, sixth, twenty-second and twenty-fifth; that about 51,000 cards, included in the first five shipments, were received within four or five days after shipment, and accepted and retained by the plaintiff, without objection, except the shipment of July twenty-fifth, which the plaintiff refused to take from the railroad station, and which was returned to the defendant; that the plaintiff placed the cards on sale and disposed of several thousand during the season, but failed to make payment therefor, and on December first began this action.

*Held,* that the unreasonable delay of the plaintiff, wholly unexplained, in failing to give any notice of the alleged breach of the contract as to time of delivery and in allowing continued shipments to be made without objection or complaint of any kind on his part, barred any action to recover damages for deferred delivery.

Retaining the cards without objection and entering upon the sale thereof were acts radically " inconsistent with the ownership of the seller," within the meaning of section 129 of the Personal Property Law, and constituted an acceptance.

Fair dealing and a proper regard for the rights of the defendant required the plaintiff, if he had objection on account of delay in the five shipments, to notify the defendant within a reasonable time of such objection and thus save it from loss in continuing to manufacture and ship cards, the greater portion of which bore the imprint of plaintiff's name and were not salable by the defendant elsewhere.

APPEAL by the defendant, The Valentine Souvenir Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Ulster on the 6th day of May, 1915, upon the verdict of a jury, and also from an order entered in said clerk's office on the 15th day of May, 1915, denying defendant's motion for a new trial made upon the minutes.

*Maurice W. Eltinge* [*Frank W. Brooks* of counsel], for the appellant.

*Brinnier & Canfield,* for the respondent.

LYON, J.:

The question involved in this appeal is whether plaintiff's right of action, if any, on account of delay in shipment, survived his failure to give notice of such breach of the contract within a reasonable time after acceptance.

The facts are practically undisputed. The plaintiff was a wholesale and retail dealer in picture postal cards and

souvenir novelties at the summer resort of Pine Hill, N. Y., and had been so engaged for sixteen years. On November 25, 1913, he gave the defendant, a manufacturer of such cards, an order for 62,500 cards of views in and about Pine Hill and other localities in the Catskills. Upon the face of the greater portion of these cards was to be printed " Pub. by J. C. Mason, Pine Hill, N. Y." No cards were to be sold elsewhere except of certain views, constituting but a small proportion of the total number of cards, which might be sold to a single dealer three miles distant from Pine Hill. The cards were to be shipped f. o. b. Brooklyn, N. Y., about June 1, 1914, and to be paid for, net thirty days, as of July 1, 1914. None of the cards were sent June first, but they were shipped in six installments on the following dates: June eighteenth and twentieth, July second, sixth, twenty-second and twenty-fifth. About 51,000 cards were included in the first five shipments. The cards were received by the plaintiff about four or five days after shipment, and were accepted and retained by him without objection, except the sixth shipment of July twenty-fifth, of 12,643 cards which the plaintiff refused to take from the railroad station, and which were returned to the defendant. The plaintiff put the cards on sale, and testifies that he sold about 10,000 of them during the season. A bill accompanied each shipment. The plaintiff neglecting to make any payment, the defendant on September 9, 1914, sent him a full statement of the account. It also wrote him a number of letters at different times demanding payment. He paid no attention to any communication from the defendant. On December 1, 1914, the plaintiff commenced this action, and in the complaint served January 31, 1915, demanded $300 damages for the breach of contract by the defendant in failing to deliver the cards at the time specified in the order and acceptance. The answer denied any liability of the defendant and pleaded as a counterclaim $170.94, indebtedness of the plaintiff for the cards so delivered. This did not include the shipment of July twenty-fifth. The jury rendered a verdict of $100 in favor of the plaintiff. From the judgment entered thereon and the order denying the defendant's motion for a new trial the defendant has taken this appeal.

The unreasonable delay of the plaintiff, wholly unexplained, in failing to give any notice of the alleged breach of the contract as to time of delivery, and in allowing continued shipments to be made without objection or complaint of any kind on his part, barred any action to recover damages for deferred delivery. Section 130 of the Personal Property Law (added by Laws of 1911, chap. 571, known as the Sales of Goods Act) provided that "if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know, of such breach, the seller shall not be liable therefor." Section 129 (as added *supra*), defining what constitutes acceptance, says: "The buyer is deemed to have accepted the goods when he intimates to the seller that he has accepted them, or when the goods have been delivered to him and he does any act in relation to them which is inconsistent with the ownership of the seller, or when, after the lapse of a reasonable time, he retains the goods without intimating to the seller that he has rejected them." Retaining the cards without objection and entering upon the sale of them, were acts radically inconsistent with the ownership of the seller.

Fair dealing and a proper regard for the rights of the defendant also required the plaintiff, if he had objection on account of any of the five shipments being late, to notify the defendant within a reasonable time of such objection, and thus save it from loss in continuing to manufacture and ship cards, the greater portion of which bore the imprint of plaintiff's name and were salable by him in following seasons, and all of which the defendant was barred under its agreement with the plaintiff from selling elsewhere, except a small proportion to a single dealer. Under the record the verdict was unjust and unwarranted and the judgment entered thereon should be reversed.

The judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

All concurred.

Judgment and order reversed and new trial granted, with costs to appellant to abide event.